Natalie P. Vance, Bar No. 206708
W. Jason Scott, Bar No. 222204
KLINEDINST PC
801 K Street, Suite 2800
Sacramento, California 95814
(916) 444-7573/FAX (916) 444-7544
nvance@klinedinstlaw.com

Attorneys for Defendant
CENTRAL PORTFOLIO CONTROL, INC.,
a Minnesota corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GRAHAM TOEWS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CENTRAL PORTFOLIO CONTROL,<br>INC., a Minnesota corporation,<br><br>　　　　Defendant. | Case No.   C08-02830 JW RS<br><br>**ANSWER OF DEFENDANT CENTRAL PORTFOLIO CONTROL, INC.**<br><br>Complaint Filed: June 6, 2008<br>Trial Date:　　　None set |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant Central Portfolio Control, Inc. ("CPC"), as and for its Answer to the Complaint of Graham Toews ("Plaintiff") in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein.

I.

**RESPONSES TO PLAINTIFF'S ALLEGATIONS**

　　1.　　In response to Paragraph 1 of Plaintiff's Complaint, CPC admits that Plaintiff has brought this action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §

1788 *et seq.* ("RFDCPA"), but denies that it violated any law.

2. In response to Paragraph 2 of Plaintiff's Complaint and all subparts, CPC states that the referenced statute speaks for itself while denying said paragraph to the extent, if any, that it is inconsistent with or otherwise misinterprets said statute or case law interpreting said statute.

3. In response to Paragraph 3 of Plaintiff's Complaint, CPC admits that the referenced statutes reference jurisdiction, but denies that jurisdiction is appropriate as it has violated no law. CPC further denies that declaratory relief is available to Plaintiff.

4. CPC denies the allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5. In response to Paragraph 5 of Plaintiff's Complaint, CPC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

6. In response to Paragraph 6 of Plaintiff's Complaint, CPC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

7. In response to Paragraph 7 of Plaintiff's Complaint, CPC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

8. In response to Paragraph 8 of Plaintiff's Complaint, CPC admits the information regarding its corporate status and service information. To all other extents, CPC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

9. In response to Paragraph 9 of Plaintiff's Complaint, CPC admits, upon information and belief, that Plaintiff incurred a debt. To all other extents, CPC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

1  denies the same and puts Plaintiff to his strictest burden of proof.

2      10.    In response to Paragraph 10 of Plaintiff's Complaint, CPC admits that the debt of Plaintiff was placed with it for collection.

    11.    In response to Paragraph 11 of Plaintiff's Complaint, CPC admits that it sent the letter attached to Plaintiff's Complaint as Exhibit 1. To all other extents, CPC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

    12.    CPC admits the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

    13.    CPC admits the allegations set forth in Paragraph 13 of Plaintiff's Complaint.

    14.    CPC admits the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

    15.    In response to Paragraph 15 of Plaintiff's Complaint, CPC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

    16.    In response to Paragraph 16 of Plaintiff's Complaint, CPC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

    17.    In response to Paragraph 17 of Plaintiff's Complaint, CPC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

    18.    In response to Paragraph 18 of Plaintiff's Complaint, CPC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

    19.    In response to Paragraph 19 of Plaintiff's Complaint, CPC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

denies the same and puts Plaintiff to his strictest burden of proof.

20. In response to Paragraph 20 of Plaintiff's Complaint, CPC admits that Plaintiff brings this matter alleging violations of the FDCPA, but denies that it violated any law.

21. In response to Paragraph 21 of Plaintiff's Complaint, CPC adopts by reference paragraphs 1 through 20 of this Answer.

22. In response to Paragraph 22 of Plaintiff's Complaint, CPC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

23. In response to Paragraph 23 of Plaintiff's Complaint, CPC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

24. In response to Paragraph 24 of Plaintiff's Complaint, CPC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

25. CPC denies the allegations set forth in Paragraph 25 of Plaintiff's Complaint and all its subparts.

26. CPC denies the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27. CPC denies the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28. In response to Paragraph 28 of Plaintiff's Complaint, CPC admits that Plaintiff brings this matter alleging violations of the RFDCPA, but denies that it violated any law.

29. In response to Paragraph 29 of Plaintiff's Complaint, CPC adopts by reference paragraphs 1 through 28 of this Answer.

30. In response to Paragraph 30 of Plaintiff's Complaint, CPC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore

1  denies the same and puts Plaintiff to his strictest burden of proof.

2      31.    In response to Paragraph 31 of Plaintiff's Complaint, CPC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

    32.    In response to Paragraph 32 of Plaintiff's Complaint, CPC has insufficient information and knowledge to either admit or deny the allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof.

    33.    CPC denies the allegations set forth in Paragraph 33 of Plaintiff's Complaint and all its subparts.

    34.    CPC denies the allegations set forth in Paragraph 34 of Plaintiff's Complaint.

    35.    CPC denies the allegations set forth in Paragraph 35 of Plaintiff's Complaint.

    36.    CPC denies the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

    37.    CPC denies the allegations set forth in Paragraph 37 of Plaintiff's Complaint.

    38.    CPC denies the allegations set forth in Paragraph 38 of Plaintiff's Complaint.

## II.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

CPC's actions have not been willful, to the extent that they violate California or federal law, which CPC denies.

### THIRD DEFENSE

Plaintiff failed to exercise ordinary and reasonable care on his own behalf, and such negligence and carelessness was a proximate cause of some portion, up to and including the whole of, the damages alleged by Plaintiff and his recovery should therefore be barred or reduced according to law.

KLINEDINST PC
801 K STREET, STE. 2800
SACRAMENTO, CALIFORNIA 95814

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel, acquiescence, and waiver.

### FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which CPC denies, was due to the affirmative actions and/or omissions of Plaintiff and do not give rise to any liability of CPC.

### SIXTH DEFENSE

Plaintiff's action against CPC is barred, in whole or in part, by the applicable statute(s) of limitations.

### SEVENTH DEFENSE

Any damage to Plaintiff, which CPC denies, is due to the acts or omissions of Plaintiff and/or third parties and CPC is not liable for said acts, omissions or alleged damages.

### EIGHTH DEFENSE

Plaintiff's claims are barred by the lack of proximate cause.

### NINTH DEFENSE

Plaintiff's claims are barred because Plaintiff failed to mitigate his damages.

### TENTH DEFENSE

Plaintiff's claims are barred by his lack of standing.

### ELEVENTH DEFENSE

Plaintiff's claims are barred because Plaintiff failed to perform as agreed in breach of his contracts with his underlying creditors.

### TWELFTH DEFENSE

Plaintiff's claims are barred by Plaintiff's unclean hands.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unjust enrichment.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of res judicata/collateral estoppel.

///

### FIFTEENTH DEFENSE

Plaintiff's claims are barred by the defense of in pari delicto.

### SIXTEENTH DEFENSE

Upon information and belief, Plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the transaction that is the subject matter of the instant litigation.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred because the statements or acts attributed to CPC, if made, were privileged communication by interested parties, without malice, to interested persons who requested the information.

### EIGHTEENTH DEFENSE

Any violation of the Fair Debt Collection Practices Act, title 15 of the United States Code sections 1692 et seq., or the Rosenthal Fair Debt Collection Practices Act, California Code sections 1788 et seq., if applicable, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### NINETEENTH DEFENSE

Plaintiff suffered no damage from the alleged violations by CPC and therefore is not entitled to any award of damages, attorneys' fees or costs.

### TWENTIETH DEFENSE

CPC was not a debt collector as defined under California or federal law, in regard to the instant matter.

### TWENTY-FIRST DEFENSE

All of CPC's actions have been in accordance with California and federal debt collection practices and consumer credit laws.

### TWENTY-SECOND DEFENSE

CPC may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize his claims, due to the fact that CPC does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information

concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges that CPC may share some responsibility. CPC therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

### III.

### PRAYER FOR RELIEF

WHEREFORE, Defendant CPC prays for an order and judgment of this Court in its favor against Plaintiffs as follows:

1. Dismissing all causes of action against it with prejudice and on the merits;
2. Awarding its reasonable costs and attorneys' fees; and
3. Awarding it such other and further relief as the Court deems just and equitable.

KLINEDINST PC

DATED: June 27, 2008

By: /s/ Natalie P. Vance
NATALIE P. VANCE
W. JASON SCOTT
Attorneys for Defendant
CENTRAL PORTFOLIO CONTROL, INC.,
a Minnesota corporation

650610v1